# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TAYMI FIGUEROA-ROSARIO,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No. 2:19-cv-00928-JCM-BNW<br><br>**ORDER** |

Presently before the court is Defendant's motion to strike the status report filed by plaintiff on October 3, 2019. (ECF No. 16.) Plaintiff responds she filed the interim status report in order to comply with the deadlines imposed by the court, which required the filing of an interim status report by that date. (*See* ECF No. 9.) While it is true that defendant filed a motion to compel on October 2, 2019, which also requested the extension of deadlines (including the deadline to file a status report), the court did not rule on that motion until December 18, 2019. (ECF No. 23.) The status report is supposed to be a joint report. LR 26-3. Nevertheless, the defendant did not believe it was necessary to file the report. Thus, Plaintiff was faced with the following quandary: "either to comply with the deadline for filing the Report but without Defendant's input or signature, or to accept Defendant's request to ignore the deadline with the expectation that it might be stayed in the future." (ECF No. 19 at 4.) The court understands the Plaintiff's position and does not fault her for having filed the status report. In fact, Plaintiff did the correct thing: no party should disregard a court deadline under the assumption that the court will take a particular course of action. "Better safe than sorry," to quote Plaintiff once again, is the better way of approaching practice before the federal courts.

The court will deny Defendant's motion. While the Defendant is correct in his observations that the interim report would not (and does not) reflect accurate information given

the motion to compel he filed the previous day, that is something that could have, and can, be easily addressed by filing a supplemental interim report. In fact, the new date for the filing of an interim status report was January 31, 2019. (ECF No. 23.) The parties should meet and confer and file an interim status report within a week of todays' date.

IT IS THEREFORE ORDERED that defendant's motion to strike (ECF No. 16) is DENIED.

IT IS FURTHER ORDERED that the parties must meet and confer and file an interim status report by 3/17/2020.

DATED: March 9, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE